IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60830
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE LEE STARKS, also known as "Cat Daddy",

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:98-CR-92-1-S-B
--------------------
April 27, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Willie Lee Starks appeals from his conviction by guilty plea of conspiring to extort payoffs under color of official right and attempting to commit extortion under color of official right.  He suggests that his sentence violated *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), but he did not adequately argue any *Apprendi* issue for appeal.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  We address in turn the arguments that Starks does brief for appeal.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Starks contends that the district court erred by attributing 22.5 kilograms of crack cocaine to him.  He argues that the district court should have applied a heightened evidentiary standard in his case because the cross-reference to the drug-trafficking guideline dramatically increased his punishment.  He further argues that the evidence was insufficient under a heightened evidentiary standard to support the attribution of the crack cocaine.

The record does not demonstrate that Starks raised his contention regarding the evidentiary standard in the district court.  Nor did he challenge the attribution of 22.5 kilograms of crack cocaine.  Our review of Starks's contentions regarding the evidentiary standard and the attribution of cocaine therefore is under the plain-error standard.  *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

"Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error."  *United States v. Vital*, 68 F.3d 114, 119 (5th Cir. 1995)(internal punctuation marks and citations omitted).  The amount of drugs attributed to Starks is a factual issue that could have been resolved upon proper objection at sentencing. *See United States v. Maseratti*, 1 F.3d 330, 340 (5th Cir. 1993).

Because the attribution of crack cocaine to Starks cannot constitute plain error, the evidentiary standard that should have been applied by the district court is a nonissue.  We do not address Starks's evidentiary-standard contention.

Starks contends that the district court erred by adjusting his offense level for his role as a leader/organizer. The leader/organizer finding in Starks's case was not clearly erroneous. *United States v. Watson*, 988 F.2d 544, 550 (5th Cir. 1993).

Starks contends that the district court erred by denying his request for a downward departure from the guideline sentencing range. We lack jurisdiction to consider Starks's contention. *United States v. Palmer*, 122 F.3d 215, 222 (5th Cir. 1997).

AFFIRMED.